UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KHILON SHAQUILLE SAMUEL,

    Defendant-Movant,

v.

UNITED STATES OF AMERICA,

    Plaintiff-Respondent.
_____/

Case No. 1:25-cv-135

Hon. Hala Y. Jarbou

**OPINION AND ORDER**

Currently pending before the Court is the *pro se* motion of Defendant-Movant Khilon Shaquille Samuel ("Defendant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.§ 2255. (ECF No. 1.) For the reasons set forth below, Defendant's motion will be denied.

**I.     Background**

On June 14, 2022, a grand jury returned an Indictment charging Defendant with (1) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute methamphetamine and fentanyl, in violation of 21 U.S.C. § 841(a)(1); and (3) being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* Indictment, *United States v. Samuel*, No. 1:22-cr-81 (W.D. Mich. June 14, 2022), ECF No. 1. After his arrest, Defendant retained attorney Steven Scharg to represent him.

On June 24, 2022, the Government filed an Information and Notice of Prior Serious Drug Felony. *See* Information, *Samuel*, No. 1:22-cr-81 (W.D. Mich. June 24, 2022), ECF No. 8. That document set forth that in 2016, Defendant had been convicted of delivery or manufacture of controlled substances, in violation of Mich. Comp. Laws § 333.7401(2)(a). *See id.* at 1. Because

of that prior conviction, Defendant faced enhanced penalties if he was convicted of either Count 1 or Count 2 of the Indictment. *See id.* at 2.

After several continuances, Defendant, through counsel, filed a motion to suppress evidence on January 23, 2023. *See* Mot. to Suppress, *Samuel*, No. 1:22-cr-81 (W.D. Mich. Jan. 23, 2023), ECF No. 55. Defendant sought to suppress "the evidence obtained as a result of a warrantless search as well as all fruits derived from said search." *See id.* at 1. Following an evidentiary hearing, the Court denied the motion to suppress. *See* Order, *Samuel*, No. 1:22-cr-81 (W.D. Mich. Mar. 1, 2023), ECF No. 63.

On March 2, 2023, the Government filed a Plea Agreement in which Defendant agreed to plead guilty to Count One of the Indictment, charging him with possession with intent to distribute methamphetamine. *See* Plea Agreement, *Samuel*, No. 1:22-cr-81 (W.D. Mich. Mar. 2, 2023), ECF No. 64. Defendant appeared before the Court for his change of plea hearing on March 7, 2023.

Prior to sentencing, attorney Scharg moved to withdraw as Defendant's counsel. *See* Mot. to Withdraw, *Samuel*, No. 1:22-cr-81 (W.D. Mich. June 12, 2023), ECF No. 72. Following a hearing, the Court granted that motion in an order entered on June 22, 2023. *See* Order, *Samuel*, No. 1:22-cr-81 (W.D. Mich. June 22, 2023), ECF No. 78. Assistant federal public defender James Stevenson Fisher was then appointed to represent Defendant. However, shortly thereafter, Defendant retained attorney Sanford Schulman to represent him.

On November 8, 2023, the Court sentenced Defendant to 360 months of imprisonment, to be followed by five years of supervised release. *See* Judgment, *Samuel*, No. 1:22-cr-81 (W.D. Mich. June 22, 2023), ECF No. 101. Defendant subsequently appealed, and the United States Court of Appeals for the Sixth Circuit granted attorney Schulman leave to withdraw. Attorney Mark Brown was then appointed to represent Defendant on appeal. Attorney Brown filed a motion to

withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). In an order entered on May 22, 2024, the Sixth Circuit concluded that Defendant's guilty plea and appeal waiver were valid because Defendant knowingly and voluntarily entered his guilty plea, and that he could not challenge his conviction and sentence because his sentence did not exceed the statutory maximum of life and was not based upon an unconstitutional factor. *See United States v. Samuel*, No. 23-2008 (6th Cir. May 22, 2024). Defendant did not seek a writ of certiorari from the Supreme Court.

Defendant filed his § 2255 motion (ECF No. 1) on February 6, 2025. In an order (ECF No. 3) filed on February 11, 2025, the Court directed Defendant to file an amended § 2255 motion that set forth his grounds for relief and the facts supporting each ground. After receiving an extension of time (ECF Nos. 4, 5), Defendant filed a memorandum in support of his § 2255 motion (ECF No. 6) on July 15, 2025. In an order (ECF No. 7) entered on July 17, 2025, the Court directed the Government to file a response. After receiving an extension of time (ECF Nos. 8, 10), the Government filed affidavits from attorney Scharg (ECF Nos. 11, 12) on August 22, 2025, and its response (ECF No. 14) on September 4, 2025. Defendant filed his reply (ECF No. 15) on October 21, 2025.

**II.     Standard of Review**

    **A.     Merits**

A prisoner may move to vacate his sentence under 28 U.S.C. § 2255 if he can demonstrate that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it "is otherwise subject to collateral attack." 28 U.S.C. § 2255. However, "Section 2255 does not provide relief for just any alleged error." *Bullard v. United States*, 937 F.3d 654, 658 (6th Cir. 2019). To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial injurious

4

effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)).

    **B.**    **Ineffective Assistance of Counsel**

To establish a claim of ineffective assistance of counsel, a movant must prove that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defendant in a way that led to an unreliable or fundamentally unfair outcome. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, and viewed as of the time of counsel's conduct, and judicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S.460, 477 (2000) (internal quotation marks omitted). Counsel is not ineffective unless he or she "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To establish prejudice, a movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694; *see also United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (en banc) ("[T]he threshold issue is not whether [movant's] attorney was inadequate; rather, it is whether he was so manifestly ineffective that defeat was snatched from the hands of probable victory.").

    **C.**    **Evidentiary Hearing**

The Court must hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if Defendant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

**III.    Discussion**

Defendant raises several grounds for relief in his § 2255 motion, paraphrased as follows:

I.   Trial counsel was ineffective to Petitioner/Movant Khilon Shaquille Samule, violating his due process under the Sixth and Fourteenth Amendment[s] to the United States Constitution.

II.  Trial counsel was ineffective, as they failed to [challenge] chain of custody in the handling of the seized drugs Petitioner/Movant was charged and convicted of.

III. Counsel of record was ineffective for not properly challenging the purity to the drug, methamphetamine, Petitioner/Movant was charged with.

IV.  Trial counsel was constitutionally ineffective for his failure to secure the plea agreement that Petitioner/Movant was under the impression he would receive at sentencing.

(Mem. Supp. § 2255 Mot., ECF No. 6, PageID.33–43 (capitalization and punctuation corrected).) The Government contends that Defendant's grounds for relief are meritless. (ECF No. 14.)

In his reply, Defendant moves for leave to amend his § 2255 motion to assert a fifth ground for relief—that counsel was ineffective for failing to challenge the career offender sentencing enhancement. (ECF No. 15, PageID.81.) Amendment of § 2255 motions is governed by Rule 15 of the Federal Rules of Civil Procedure. *See Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions"). Rule 15(a)(1) provides that a party may amend a pleading once as a matter of course no later than the earlier of

6

the two following periods: (1) 21 days after service; or (2) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1)(A)–(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2).

In evaluating the interests of justice, the Court should consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)).

Any attempt to raise a new claim for relief in a Rule 15 motion to amend is subject to the one-year statute of limitations set forth in § 2255(f). *See Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Under § 2255(f), a one-year limitations period applies to § 2255 motions, and that period starts to run from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Sixth Circuit affirmed Defendant's conviction and sentence on May 22, 2024. Defendant did not seek a writ of certiorari from the Supreme Court. Defendant's limitations period,

therefore, did not begin until the time for petitioning the Supreme Court for certiorari expired. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004). Here, that period expired 90 days after May 22, 2024, or on Tuesday, August 20, 2024. Thus, Defendant's one-year limitations period under § 2255(f)(1) began on Wednesday, August 21, 2024, and expired on Thursday, August 21, 2024.

Defendant indicates that he placed his reply in the prison mail system for mailing to this Court on September 27, 2025. (ECF No. 15, PageID.93.) The Court, therefore, deems the reply filed as of that date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *see also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Defendant's reply was filed a little more than a year after the limitations period expired.

Amendment or supplementation of a § 2255 motion will be denied "where it is filed after [the limitations] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)[(1)]." *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008). Rule 15 states that an amendment to a complaint relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "The key words are 'conduct, transaction, or occurrence,'" which mean that an original motion and a supplemental motion must "state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 656, 664 (2005) (footnote omitted). An amended motion does not relate back to an original motion "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650.

Although Defendant raises four claims of ineffective assistance in his § 2255 motion, the claim that Defendant seeks to add has no traceable relationship back to the claims raised in that

8

motion. "[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance." *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 850 (6th Cir. 2017); *see also United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired."). Accordingly, the proposed claim in Defendant's reply (ECF No. 15) is foreclosed by § 2255(f)'s one-year limitations period, and the Court will not consider the merits of that proposed claim.

### A.     Ground I—Ineffective Assistance by Failing to Investigate and Call Witnesses

As his first ground for relief, Defendant faults counsel for failing "to investigate key exculpatory evidence, neglect[ing] to call witnesses crucial to the defendant, and fail[ing] to meaningfully cross-examine government witnesses." (Mem. Supp. § 2255 Mot., PageID.34.) Defendant also mentions, in a conclusory fashion, that his speedy trial rights under the Sixth Amendment were violated, he was not given adequate notice of the charges against him, and that the Government violated *Brady v. Maryland*, 373 U.S. 83 (1983), by withholding exculpatory evidence. (*Id.*, PageID.34–35.)

As an initial matter, Defendant provides no details regarding what exculpatory evidence counsel failed to investigate and what witnesses would have been beneficial to his defense. Defendant's conclusory allegations are insufficient to justify federal habeas relief. *See Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (noting that conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335–36 (6th Cir. 2012) (citing *Workman* and affirming the denial of habeas relief for conclusory claims).

9

In any event, attorney Scharg avers that he "never saw any exculpatory evidence or the potential for same." (Supp. Aff., ECF No. 12, PageID.64.) Moreover, Defendant "never identified or suggested any exculpatory evidence or witness[es] or the potential for same." (*Id.*) "[W]hether to call a witness and how to conduct a witness['s] testimony are classic questions of trial strategy that merit *Strickland* deference." *Rayborn v. United States*, 489 F. App'x 871, 878 (6th Cir. 2012). Here, Defendant offers nothing but his own speculation to support his claim that testimony from defense witnesses would have changed the outcome of his proceedings. That is simply not enough to maintain his ineffective assistance of counsel claim, particularly given the fact that Defendant pleaded guilty to Count One of the Indictment, thereby precluding the presentation of defense testimony at trial. *See Tinsley v. Million*, 399 F.3d 796, 810 (6th Cir. 2005) (affirming denial of an ineffective assistance claim based on counsel's failure to call witnesses where a petitioner did not introduce "affidavits or any other evidence establishing what they would have said"); *United States v. Ashimi,* 932 F.2d 643, 650 (7th Cir. 1991) ("[T]he testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit; [a] defendant cannot simply state that the testimony would have been favorable, [as] self-serving speculation will not sustain an ineffective assistance claim." (footnote omitted)); *see also United States v. Tilghman*, No. 07-cr-138, 2013 WL 4735578, at *10 (E.D. Ky. Sept. 3, 2013) ("When a defendant claims that his attorney failed to call a witness at trial, he must 'at the very least . . . submit sworn affidavits from each of the individuals he has identified as uncalled witnesses stating whether they were in fact available to appear at trial and able to give testimony favorable to the defense'" (cleaned up) (quoting *Talley v. United States*, No. 1:00-cv-74, 2006 WL 3422997, at *10 (E.D. Tenn. Nov. 27, 2006))).

Defendant's claim that counsel should have asserted a *Brady* violation fares no better. In *Brady*, the Supreme Court held that "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. There are three components to finding a *Brady* violation: "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). Prejudice is established by a showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 280 (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)); *see also Cone v. Bell*, 556 U.S. 449, 469–70 (2009). A reasonable probability equates to a "probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682. Here, however, Defendant fails to set forth any facts regarding what, if any, exculpatory evidence the Government allegedly failed to turn over to the defense. For that reason alone, counsel cannot have been ineffective for failing to assert a *Brady* violation.

Finally, Defendant contends that his rights under the Sixth Amendment's Speedy Trial Clause were violated. The Supreme Court has set forth a four-factor test for determining whether the constitutional speedy trial right has been violated. A court must "consider (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant." *Brown v. Romanowski*, 845 F.3d 703, 712 (6th Cir. 2017) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The Sixth Amendment's speedy trial right "usually attaches when the defendant is arrested or indicted, whichever is earlier." *Id.* at 712–13. Here, Defendant was arrested on June 22, 2022.

11

"The first factor, length of the delay, is a triggering mechanism." *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007). "A one-year delay is presumptively prejudicial and triggers analysis of the remaining *Barker* factors." *Brown*, 845 F.3d at 714. Here, only about nine months passed between Defendant's arrest and when he entered his guilty plea. That length of time, accordingly, is not presumptively prejudicial. Moreover, while Defendant states, in a conclusory fashion, that the delay prejudiced his defense "du[e] to the loss of witness[es] and degradation of evidence over time," Defendant fails to provide any supporting facts for that assertion. Counsel was not ineffective for failing to raise a Sixth Amendment speedy trial violation where such a claim would be based only on conclusory allegations unsupported by facts.

For the foregoing reasons, Defendant is not entitled to relief with respect to habeas ground I.

### B.    Ground II—Failure to Challenge Chain of Custody

Next, Defendant faults counsel for failing to challenge the "chain of command in the handling of confiscated evidence." (Mem. Supp. § 2255 Mot., PageID.36.) Defendant suggests that counsel should have questioned "how the methamphetamine was handled by law enforcement," because if officers had "[left the] room for [a] donut," the methamphetamine could have been potentially mishandled or contaminated. (*Id.*) Defendant argues that had counsel raised this challenge, "it might have led to the 'suppression' of the drug evidence." (*Id.*)

In his affidavit, attorney Scharg states that he "never identified any potential issue about the chain of custody nor did [Defendant] provide any reason to warrant a challenge to the chain of custody." (Supp. Aff., ECF No. 12, PageID.64.). Here, Defendant's claim of ineffective assistance is solely based upon speculation. Defendant offers no evidence to suggest that the methamphetamine in question was indeed mishandled or contaminated. Likewise, Defendant is mistaken that any challenge to the chain of custody would have resulted in the suppression of the drugs. Instead, "[c]hain of custody issues are jury questions and the possibility of a break in the

chain of custody of evidence goes to the weight of the evidence, not its admissibility." *See United States v. Allen*, 619 F.3d 518, 525 (6th Cir. 2010). Thus, because chain of custody is an evidentiary issue, Defendant essentially waived any chain of custody argument by choosing to plead guilty.

For these reasons, any argument by counsel regarding the chain of custody would have been meritless, and counsel is "not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998); *see also Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."). Accordingly, Defendant is not entitled to relief with respect to habeas ground II.

### C. Ground III—Failure to Challenge Drug Purity

Next, Defendant faults counsel for failing to raise a challenge to the purity of the methamphetamine. (Mem. Supp. § 2255 Mot., PageID.40.) Defendant suggests that such a challenge "could have a significant impact on the charges (e.g. possession with intent to distribute vs personal usage)." (*Id.*) Defendant suggests further that had counsel moved for independent lab testing or cross-examined government witnesses on the issue, there is a reasonable probability that the Court "would have NOT credited the Government's assumed 'purity' and would have calculated a lower offense level." (*Id.*, PageID.41–42.)

In response, attorney Scharg avers that he "saw no basis for a challenge to the purity of the methamphetamine." (Scharg Aff., ECF No. 11, PageID.63.) He states further that he "never identified any issue concerning the nature of the controlled substance (methamphetamine) or its purity. [Defendant] never provided any reason to question the nature of the substance or its purity." (Supp. Aff., ECF No. 12, PageID.64–65.)

Defendant's Presentence Investigation Report (PSR) sets forth information regarding the purity of the methamphetamine in question. Officers seized methamphetamine during a search of

Defendant's vehicle. *See* PSR at 5, *United States v. Samuel*, No. 1:22-cr-81 (W.D. Mich. Aug. 10, 2023), ECF No. 90. "Laboratory testing confirmed the packages contained 7.08 kilograms of methamphetamine with a purity of 92 percent. Extrapolating that purity results in 6.5136 kilograms of methamphetamine actual." *Id.* During the execution of the search warrant at Defendant's residence, officers seized 183.51 grams of methamphetamine. *Id.* at 6. However, the testing did not list any purity, so that methamphetamine was "considered methamphetamine mixture." *See id.* Overall, Defendant was held responsible for more than 90,000 kilograms of converted drug weight, resulting in a base offense level of 38. *See id.* at 8.

The Sixth Circuit has recognized that the purity of methamphetamine for purposes of the Sentencing Guidelines cannot be determined when the record is devoid of "evidence . . . of the meth's purity or any indicia of reliability for statistical extrapolation." *See United States v. Reed*, 72 F.4th 174, 191–92 (6th Cir. 2023). Here, only the methamphetamine seized from Defendant's car had its purity considered for purposes of Defendant's Guidelines exposure. Defendant fails to set forth any facts suggesting that the purity would have differed had counsel requested independent lab testing. Moreover, Defendant provides no reason for why the determination that the methamphetamine was 92 percent pure should have been questioned by counsel.

For the foregoing reasons, Defendant fails to show that counsel was ineffective for failing to challenge the purity of the methamphetamine attributed to Defendant. Accordingly, Defendant is not entitled to relief with respect to habeas ground III.

**D.     Ground IV—Ineffective Assistance Regarding Plea Agreement**

Finally, in ground IV, Defendant faults counsel for "fail[ing] to secure the plea agreement that Petitioner/Movant was under the impression he would receive at sentencing." (Mem. Supp. § 2255 Mot., PageID.43.) Defendant avers that counsel advised him that he would "receive a 120 month sentence; however, at sentencing he received 360 months!! Three times more than he

14

expected!!" (*Id.*, PageID.45.) Defendant contends that pleading to 120 months "was more favorable than the ultimate sentence imposed," and that he would have accepted the agreement. (*Id.*, PageID.46.) Defendant asks that he be resentenced "pursuant to the originally offered plea agreement of 120 months." (*Id.*)

A criminal defendant is entitled to effective assistance of counsel during plea negotiations. *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The same two-part *Strickland* inquiry applies to ineffective assistance of counsel claims regarding the plea negotiation process. *See id.* Habeas petitioners often challenge the assistance of counsel for advising acceptance of a plea offer. "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. In *Lafler v. Cooper*, 566 U.S. 156 (2012), the Supreme Court described the appropriate prejudice analysis when counsel advises rejection of a plea offer:

> [A] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at 164. Moreover, "defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *See Missouri v. Frye*, 566 U.S. 134, 147–49 (2012).

As an initial matter, other than stating in a conclusory fashion that he was offered a plea agreement that would have called for 120 months of incarceration as the sentence, Defendant offers no facts or evidence to support the existence of such an agreement. Notably, attorney Scharg avers that "[t]here was no plea offer which would have limited [Defendant's] sentence to 120 months." (Scharg Aff., ECF No. 11, PageID.63.) If there had been, attorney Scharg "would have thought

15

such facts would have been shared with Mr. Schulman and raised previously or mentioned earlier during the course of the plea taking." (*Id.*) In his supplement affidavit, attorney Scharg states: "There was only one plea offer and that is the Plea Agreement filed March 2, 2023 (ECF 64). No other plea offer was ever tendered by the government." (Supp. Aff., ECF No. 12, PageID.65.)

Attorney Scharg clearly cannot have been ineffective for failing to communicate and obtain a nonexistent plea offer for Defendant. Moreover, the Sixth Circuit concluded that Defendant's guilty plea was knowingly and voluntarily entered. During the change of plea hearing, the Court explicitly informed Defendant that by pleading guilty to Count One of the Indictment, he faced a "minimum penalty of 10 years and a maximum penalty of life." *See* Change of Plea Hr'g Tr. at 6, *United States v. Samuel*, No. 1:22-cr-81 (W.D. Mich. Jan. 16, 2024), ECF No. 114. Defendant acknowledged that he understood. *See id.* Defendant also indicated his understanding that if he received a sentence that was "more severe than [he] expected," he would still be bound by his plea and would have no right to withdraw it. *See id.* at 8.

The record before the Court simply belies Defendant's argument that he was provided a plea offer that would have capped his sentencing exposure at 120 months. Instead, when Defendant entered his guilty plea, he was well aware that he could receive a sentence anywhere from 120 months to life in prison. Because Defendant has not shown that counsel was ineffective with respect to plea negotiations, Defendant is not entitled to relief with respect to habeas ground IV.

In sum, the record before the Court supports a conclusion that all of Defendant's grounds for relief are meritless. Moreover, because the record before the Court conclusively demonstrates that Defendant is not entitled to relief, there is no need for the Court to conduct an evidentiary hearing. Accordingly, Defendant's § 2255 motion (ECF No. 1) will be denied.

### IV.  Certificate of Appealability

Under 28 U.S.C. § 2253(c)(1)(B), the Court must determine whether a certificate of

appealability should be granted. A certificate should issue if Defendant has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Defendant's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Defendant's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Defendant's claims was debatable or wrong. Therefore, the Court will deny Defendant a certificate of appealability. Moreover, although Defendant has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Defendant might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

V.  **Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's request to amend his § 2255 motion, set forth in his

reply (ECF No. 15), is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is **DENIED**.

    **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

    A separate judgment will follow. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Dated: October 22, 2025            /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE